PAGÁN, PLAINTIFF AND APPELLEE, v. FRANCO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in an Action for an Injunction to Recover Possession of Real Property.

No. 1969.—Decided June 23, 1919.

INJUNCTION—POSSESSION—LIMITATION.—It appearing that the act whereby the plaintiff was deprived of the possession which he seeks to recover occurred on August 9, 1917, and that the complaint was filed on February 21, 1918, it is necessary to conclude that the action was barred by the expiration of the period of four months prescribed by the act which authorizes it.

ID.—ID.—CONSTRUCTION.—Act No. 11 of 1917, which extended to one year the

period of four months fixed by Act No. 43 of 1913 to recover the possession of real property by injunction, cannot be applied to this case, because the time fixed by Act No. 43 had already expired when Act No. 11 went into effect.

ID.—ID.—The provisions of the code fixing the period of one year for the recovery of the possession of real property are not applicable to this case, because the question here is not whether the plaintiff had or had not a right to the possession, but whether or not he had a right, in order to obtain such possession, to invoke the special proceeding of injunction created by Act No. 43 of 1913.

The facts are stated in the opinion.

*Mr. José S. Alegría* for the appellant.

*Mr. E. H. F. Dottin* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On this petition for an injunction to recover the possession of real property judgment was entered in favor of the plaintiff. The defendant appealed and alleges that the trial court erred in holding that the plaintiff's action was not barred by limitation and in weighing the evidence. In this appeal it will be sufficient to consider only the first assignment of error.

According to the complaint itself the act whereby the plaintiff was deprived of the possession of the land in question was committed on August 9, 1917, and as the complaint was filed on February 21, 1918, it is necessary to conclude that the period of four months expressly prescribed by Act No. 43 of 1913 within which to bring such an action, *i. e.,* an action to recover the possession of real property by means of the special remedy of injunction, had expired.

The plaintiff-appellee admits this, but maintains that he brought his action under Act No. 11 of 1917, which amended Act No. 43 of 1913 and extended to one year the said period of four months. We do not agree. Act No. 11 of 1917 went into effect in the middle of February, 1918, when the time fixed by Act No. 43 of 1913 had wholly expired. The right of the plaintiff to avail himself of the benefits of that act had been forfeited therefore when the amendment went into effect. If the period of four months had not totally expired,

then perhaps the action of the legislature might be construed as extending the period previously fixed and as applicable to this particular case.

Furthermore, the question is not new in this court. It will suffice to refer to the cases of *Jesús* v. *Succession of Pérez Villamil*, 18 P. R. R. 392; *Roble* v. *Succession of Pérez*, 18 P. R. R. 894; *Osorio* v. *Succession of Pérez*, 18 P. R. R. 896 and *Orta* v. *Arzuaga et al.*, 23 P. R. R. 241.

As regards the citation by the appellee of sections 462 and 1869 of the Civil Code, we will say that the question here is not whether the plaintiff's right to recover the possession of the property was barred by the mere expiration of the four months, but whether, as we have decided affirmatively, he had forfeited his right to recover by means of the special proceeding established by Act No. 43 of 1913, as amended by Act No. 11 of 1917.

The appeal must be sustained and the judgment

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.